UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| EMILIO PINERO,<br>Plaintiff,<br>vs.<br><br>THE QUANTUM INVESTMENT GROUP, LLC. and SEA TOWN OF MIAMI, CORP.,<br>Defendants. | Case No: 24-cv-23817-KMW |

**PLAINTIFF'S VERIFIED MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT, SEA TOWN OF MIAMI, CORP., *ONLY***

Plaintiff, EMILIO PINERO ("Plaintiff"), by and through the undersigned counsel, and pursuant to Fed. R. Civ. P. 55(b) and 42 U.S.C. § 12205, hereby moves this Court and seeks entry of Final Default Judgment and an award of attorney's fees, litigation expenses, and costs against Defendant, SEA TOWN OF MIAMI, CORP. ("Defendant"), *only*, and as grounds thereof state:

**FACTS AND PROCEDURAL HISTORY**

**1.** Plaintiff filed his Complaint [DE#1] against Defendant in the above captioned case for injunctive relief, attorney's fees, expenses and costs on October 3, 2024.

**2.** The within action was instituted by the service of the Complaint [DE#1] on Defendant on October 7, 2024 and the time to for Defendant to respond expired on October 28, 2024.

**3.** As of this date no Answer has been interposed on behalf of the Defendant.

**4.** Defendant is a corporation that is engaged in business in the State of Florida by the leasing of commercial property located in Miami-Dade County, Florida.

**5.** The Clerk issued a Default [DE#14] against Defendant, SEA TOWN OF MIAMI, CORP., on November 1, 2024.

**6.** To date, Defendant has failed to file an answer with the Clerk, has not served an answer upon the Plaintiff, and has made no entry of appearance in this matter. To this date, Defendant has undertaken no defense in this matter.

**7.** Plaintiff's Complaint seeks injunctive relief to correct the violations under Title III of the Americans with Disabilities Act ("ADA") by Defendant. The Complaint also sought an award for the attorney's fees, costs and litigation expenses incurred in this action.

**8.** The subject property at issue is a restaurant owned and operated by the Defendant, which is located at 8995 NW 7th Ave., Miami, FL 33150 (hereinafter "Subject Property"). The Subject Property is a public accommodation as defined by and is subject to Title III of the ADA.

**9.** Irreparable harm will befall Plaintiff if injunctive relief is not granted as Plaintiff will be unable to enjoy full and equal enjoyment of the goods, services, facilities, and accommodations offered by the Defendant as a direct result of Defendant's violations of the Americans with Disabilities Act.

**10.** Plaintiff has visited the restaurant and intends to return within 60 days after the barriers to access have been removed.

**11.** Moreover, Plaintiff has no adequate remedy at law. Granting an injunction will serve the public interest by protecting the civil rights of individuals with disabilities. Given Defendant's failure to file a responsive pleading in this action and its failure to retain counsel, there is a substantial likelihood of success in attaining an injunction.

**12.** Failure to grant an injunction will result in Plaintiff's continued exposure to harm with no method of recourse.

**13.** The specific nature of the injunction sought by Plaintiff is outlined below.

**14.** As the prevailing party in this action, Plaintiff is seeking recovery of reasonable attorney's fees, expert fees, costs and litigation expenses under 42 U.S.C. §12205.

**15.** Based upon the time expended on this matter, the Plaintiff is demanding a reasonable amount for attorneys' fees as follows:

| | | |
|---|---|---|
| Glenn R. Goldstein, Esq. | 7.0 Hours @ $455.00/Hour (Legal) | $ 3,185.00 |
| Glenn R. Goldstein, Esq. | 2.5 Hours @ $120.00/Hour (Admin.) | $ 300.00 |
| | **Total Attorney's Fees:** | **$ 3,485.00** |

**16.** Plaintiff is also requesting taxable and non-taxable costs and fees in the total amount of One-Thousand, One-Hundred and Twenty-Eight Dollars and Seventy-Two Cents ($1,178.72), as follows:

| | |
|---|---|
| Filing Fees: | $ 405.00 |
| Expert Fees: | $ 650.00 |
| Service: | $ 60.00 |
| Postage: | $ 13.72 |
| **Total Costs/Fees:** | **$ 1,178.72** |

**17.** Plaintiff's Attorney's Fees and Costs Statement [*Exhibit A*], Expert Consultant's Invoice [*Exhibit B*], Expert Consultant's Curriculum Vitae [*Exhibit C*], and Expert Consultant's Accessibility Evaluation Report [*Exhibit D*], are attached as Exhibits to this Motion.

## MEMORANDUM OF LAW IN SUPPORT OF DEFAULT JUDGMENT FOR INJUCTIVE RELIEF

Plaintiff has filed this motion for default final judgment timely pursuant to Local Rule 1.10(c).

Fed. R. Civ. P. 55(b)(2) authorizes a court to enter default judgment against a defendant who fails to plead or otherwise defend. Fed. R. Civ. P. 55(b)(2). "[B]efore entering a default judgment for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (emphasis in original). "[A] default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) (citations omitted).

Title III of the A.D.A. states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). "Title III is meant to prevent owners of public places of accommodation from creating barriers that would restrict a disabled person's ability to enjoy the defendant entity's goods, services, and privileges." *Rendon v. Valleycrest Prods.*, 294 F.3d 1279, 1283 (11th Cir. 2002).

There is sufficient basis in the Plaintiff's Complaint [DE#1] to enter default judgment in Plaintiff's favor. Plaintiff alleges that he attempted to, and has to the extent possible, accessed the Subject Premises but because of his disabilities and physical barriers to access discovered that dangerous conditions and ADA violations exist that restrict and/or limit his access to the Subject Premises and/or the goods, services, facilities, privileges, advantages, and/or accommodations offered therein. Plaintiff's well-pled allegations are sufficient to establish Defendant's liability.

"If the admitted facts in the Complaint establish liability, then the Court must determine appropriate damages." *Ordonez v. Icon Sky Holdings LLC*, 10-60156-CIV, 2011 WL 3843890, at *5 (S.D. Fla. Aug. 30, 2011). "Where all the essential evidence is on record, an evidentiary hearing on damages is not required." *Id.* (citing *SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005)). Here, Plaintiff requests injunctive relief only. Specifically, in the instant Motion, Plaintiff requests that the Court Orders Defendant to take all necessary steps to bring the Subject Property into full compliance with the requirements set forth in the ADA, and its implementing regulations, by no later than May 31, 2025, so that the property is fully accessible to disabled persons, by addressing the ADA violations alleged in the Complaint [DE#1] located at the Defendant's cash registered, throughout Defendant's interior, and throughout Defendant's restroom.

On a motion under Fed. R. Civ. P. 55(b)(2), the Court accepts as try all allegations on the complaint: "[B]y defaulting, the [defendant is] deemed to have 'admit[ted] the plaintiff's well pleaded allegations of fact' for purposes of liability." *Coton v. Televised Visual X-Ography, Inc*., 740 F. Supp. 2d 1299, 1307 (M.D. Fla. 2010) (quoting *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987)); *Tyco Fire & Sec., LLC v. Alcocer*, 218 Fed. App'x 860, 863 (11th Cir. 2007); *Shandong Airlines Co. v. CAPT, LLC*, 650 F. Supp. 2d 1202, 1206 (M.D. Fla. 2009) (citing *Buchanan*).

Plaintiff has alleged all facts necessary to establish standing to bring this action and to support his claim for the relief requested in the Complaint [DE#1].

Plaintiff would prefer that this case be decided upon its merits and has every confidence it would prevail at a trial. Since the Defendant does not appear disposed to defend this action,

however, this Court has as the only avenue available to conclude this matter, the entry of a default judgment against Defendant.

This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331. Venue in this District was not disputed, nor could it be as the subject property is located in and the cause of action arose in Miami-Dade County, Florida.

## INJUNCTIVE RELIEF SOUGHT

Plaintiff initiated this action for violation of the Americans Disability Act, 42 U.S.C. §12181 et. seq., the ADA and 28 C.F.R. §36.302 et. seq. Since the Defendant, SEA TOWN OF MIAMI, CORP., has violated the Americans Disability Act (hereinafter "ADA"), the Plaintiff respectfully requests that the Final Default Judgment require that the Defendant remove architectural barriers as follows:

**Cashier Counter**

**a.** Counter does not provide a lower portion contrary to 2010 ADA Code §904.4.1;

**Route towards Public Restroom**

**b.** Furniture encroaches passage width contrary to 2010 ADA Code §403.5.1;

**Unisex Accessible Restroom - General Area**

**c.** Permanent room identifying signage is mounted on the door leaf at a non-compliant height above the finished floor contrary to 2010 ADA Code §703.4.1;

**d.** Door has a non-compliant door opening force contrary to 2010 ADA Code §404.2.9;

**e.** Shelve encroaches over maneuvering clearance on the push side of the door contrary to 2010 ADA Code §404.2.4;

**f.** Non-compliant knob-type door hardware, requiring grasping and turning of the wrist to operate contrary to 2010 ADA Code §404.2.7;

**g.** Non-compliant locking door hardware, requiring grasping and turning of the wrist to operate contrary to 2010 ADA Code §404.2.7;

**h.** Maneuvering clearance on the pull side of the door is 2.75" contrary to 2010 ADA Code §404.2.4;

**i.** Lavatory has unwrapped bottom sink pipes. Failing to maintain the pipes cover against contact contrary to 2010 ADA Code §606.5;

**j.** Lavatory mirror is mounted at 47.5" above the finished floor to bottom edge of its reflecting surface contrary to 2010 ADA Code §603.3;

**k.** Soap dispenser is mounted beyond required reach allowed for approach provided and is mounted at 49.5" above the finished floor contrary to 2010 ADA Code §308.2.1;

**l.** Paper towel dispenser is mounted beyond required reach allowed for approach provided and is mounted at 61.5" above the finished floor contrary to 2010 ADA Code §308.2.1;

**m.** Lavatory is mounted at 35.25" above the finished floor to top of rim contrary to 2010 ADA Code §606.3;

**<u>Unisex Accessible Restroom - Accessible Stall</u>**

**n.** Clearance around the water closet or toilet compartment is 35" wide contrary to 2010 ADA Code §604.3.1c;

**o.** Toilet compartment (stall) door does not provide pull handles on both sides of the door near the latch contrary to 2010 ADA Code §604.8.1.2;

**p.** Accessible toilet compartment (stall) door is not located in partition or side wall farthest from water closet contrary to 2010 ADA Code §604.8.1.2;

**q.** Toilet tissue dispenser is mounted at behind water closet outer leading edge contrary to 2010 ADA Code §604.7;

**r.** Toilet compartment (stall) door does not provide self closing hinges contrary to 2010 ADA Code §604.8.1.2;

**s.** Water closet does not have a rear wall grab bar contrary to 2010 ADA Code §604.5.2;

**t.** Water closet flush control is toward the wall side contrary to 2010 ADA Code §604.6;

**u.** Accessible toilet compartment (stall) is 35" by 53.75" wide contrary to 2010 ADA Code §604.8.1.1;

**v.** Water closet side wall grab bar is mounted at 44.5" perpendicular from rear wall to centerline of its outer flange contrary to 2010 ADA Code §604.5.1;

**MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR FEES AND COSTS**

**I. Plaintiff Is Entitled To Attorney Fees, Costs, Litigation Expenses and Expert Fees**

Plaintiff was obligated to retain undersigned counsel for the filing and prosecution of this action. Attorney's fees, expert fees, litigation expenses and costs are recoverable by Plaintiff under the ADA. 42 U.S.C. §12205. To recover attorney's fees under 42 U.S.C. §12205 a plaintiff must be a prevailing party. A prevailing party" is "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded." *Harty v. Ross Dress for Less, Inc.*, No.6:11–cv–35131–GJK, 2012 WL 28807, at *1 (M.D. Fla. Jan. 5, 2012) *citing Buckhannon Bd. & Care Home, Inc. v. W.Va. Dept. of Health & Human Res*., 532 U.S. 598, 604 (2001). In order to be a "prevailing party" under *Buckhannon*, a plaintiff must not only achieve some material alteration of the legal relationship of the parties, but that change must also be judicially sanctioned. *Roberson v. Giuliani*, 346 F.3d 75 (2d Cir. 2004); *American Disability Association, Inc. v. Chimielarz*, 289 F.3d 1315 (11th Cir.2002); *Habich v. City of Dearborn*, 331 F.3d 524 (6th Cir. 2003); *Barrios v. Cal. Interscholastic Fedn*., 277 F.3d 1128 (9th Cir.2002) . In the instant action, Plaintiff is the prevailing party pursuant to the Parties settlement agreement, the Parties Stipulation of Dismissal and the Court's Order dismissing this matter while retaining jurisdiction to enforce the settlement agreement and Ordering Plaintiff the prevailing party.

**II. Calculating the Attorney's Fee Requested by Plaintiff.**

"The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781(11th Cir.1994) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433(1983). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers

of reasonably comparable skills, experience and reputation." *American Civil Liberties Union v. Barnes*, 168 F3d 423 (11 Cir. 1999) (quoting *Norman v. Housing Auth. of City of Montgomery*, 836 F,2d 1292, 1299 (11 Cir. 1988) (additional citations omitted). Court holdings provide evidence of the going rate in the community. While the initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate, courts may then adjust this lodestar calculation by other factors. *Id*. With respect to the issue of hourly rates, this Court, "*is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment with or without the aid of witnesses as to value*." *Norman*, 836 F.2d at 1303.

**A. <u>Plaintiff's Counsel's Hourly Rate is Reasonable</u>**

Plaintiff's counsel has applied the hourly rate of $455.00 for all time expended in this matter. The hourly rate sought in this case is within, to below, the range of rates charged by other attorneys in similar cases, and within, to below the range awarded by Courts in this Circuit in similar cases.

Plaintiff's counsel, Glenn Goldstein ("Goldstein"), was recently awarded the same hourly rate of $455.00 per hour for legal hours and $120.00 per hour for administrative hours by the Honorable Cecilia M. Altonaga, Chief Judge for the U.S. District Court in the Southern District of Florida, on October 25, 2023, in Case No. 23-cv-20681-CMA, styled *Lakhani vs. Ledoc, LLC, et al.*, at DE#45 and DE#46 in that action.

Plaintiff's Counsel, Goldstein, was admitted to practice law in the State of Florida in 2008, and has concentrated his practice on complex civil litigation, business litigation, and other complex civil and family law actions—on both State and Federal levels. Goldstein is also a

faculty member at Florida International University's School of International and Public Affairs, currently teaches "Law and the Legal Profession, Pre-Law Skills and Professional Values" as part of a Pre-Law Certification Program. Goldstein has litigated several actions which were very discovery intense including multi-lingual depositions requiring translators, litigation of discovery objections, and other matters regarding discovery issues.

More specifically, rates ranging from $350 to $430 per hour have been deemed to be reasonable in similar types of litigation over the past 10 years. For example, in *Rodriguez v. McLoughlin*, 84 F.Supp.2d 417 (S.D.N.Y. 1999), the court awarded the supervising attorney in a civil rights action $425 per hour. In *Gonzalez v. Bratton*, 147 F. Supp. 2d 180, 211-12 (S.D.N.Y. 2001), the court approved rates up to $390 an hour for senior attorneys in a civil rights case. In *Marisol A. ex rel Forbes v. Giuliani*, 111 F.Supp.2d 381 (S.D.N.Y.2000), the court awarded civil rights attorneys up to $390 per hour. Additionally, in *Skold v. American Int'l Group, Inc*., 1999 WL 405539 at 6-7 (S.D.N.Y. June 18, 1999), the court held that rates of $400 for an experienced civil rights litigator was reasonable. The foregoing cases are more than ten years old and current rates would be higher due to inflation and the increased cost of operations. In *Kuper v. Empire Blue Cross and Blue Shield*, No. 99 Civ. 1190JSG-MHD (S.D.N.Y. Dec. 18, 2003), aff'd No. 99 CV-1190 (Jan. 20, 2004), the court held that $425 an hour for an experienced civil rights attorney was reasonable. That court also stated at page 10 that "hourly rates in excess of $400 are not limited to big firms." The court referred to *New York State NOW v. Pataki*, 2003 WL 2006608, at 2 (S.D.N.Y. Apr 30, 2003), where the court approved $430 an hour for a small civil rights litigator. In 2005, the hourly rate of $350.00 was charged by a comparable attorney in the case of *Thompson v. Rancho Del Norte Villas, Inc.*, Case No. CV-S-156 (D. Nev. 2005).

Moreover, as long ago as 2001, the Ninth Circuit affirmed a lower court award of $375 hourly to a prevailing civil rights plaintiff in *Bauer v. Sampson*, 261 F.3d 775, 786 (9th Cir. 2001).

It is significant to note that the rate awarded ADA case plaintiffs' attorneys is less than that charged by defendants' attorneys for similar work. In the case of *Betancourt v. Simon Property Group*, W.D. Tex. SA 10-CA 0017, the firm of Baker Hostetler filed an affidavit indicating that the attorneys for that firm charge higher rates to their client. In the case of *Access 4 All v. Casa Marina Owner*, 06-10055, S.D., the firm of Lydecker Lee charges its clients' higher rates for defense work than plaintiff's attorney charged. In 2006, defendant's attorney in that case, Aaron Behar charged at the hourly rate of $385.00. *Id*. at p. 24 of Notice of Conventional Filing of Defendant's Verified Memorandum of Law Pursuant to the Court's Order Dated October 3, 2006 (DE 37).

Accordingly, it is clear that hourly rates have been awarded in the past to plaintiff's counsel at a much higher rate than is requested in this application, and that the requested fee of $455.00 per hour is within the range of reasonable hourly rates. Citations to prior precedent showing reasonable rate adjudications may be used to demonstrate proof of prevailing market rates. *Haugh v. Sec'y of the Dept of Health & Human Services*, 1999 WL 525539, No. 90-3128V at*2(Fed Cl. June 30, 1999.)

In determining the reasonableness of the attorney's hourly rate, the Court should utilize the following criteria:

1. <u>The time and labor required, the novelty and difficulty of the question involved, and the skill requisite to perform the legal services properly.</u>

There was no redundant or duplicative effort in this case, and the hours sought by Plaintiff are merely the hours incurred. Furthermore, in the exercise of the required 'billing

judgment," Plaintiff's counsel has not included and/or has redacted any redundant or duplicative time or effort.

As lead counsel has represented plaintiffs, including Mr. Pinero, in numerous actions against places of public accommodation for ADA violations, counsel has developed forms and procedures aimed at reducing the number of hours incurred at the inception of the case in investigating its factual and legal basis and filing the complaint and other necessary paperwork. However, such efficiency should not be construed as an indication that ADA cases do not present novel and difficult questions. On the contrary, representation of plaintiffs in ADA actions presents numerous issues regarding entitlement to injunctive relief, standing, barriers to access, readily achievability, undue burden, exemptions, applicable law, etc. Moreover, in each case the particular barriers to access that exist must be analyzed in light of the relevant ADA Accessibility Guidelines, Technical Assistance Manual, and multitude of other guides issued by the Department of Justice and other authorities. Overall, Plaintiff submits that the novelty and difficulty of the issues presented in ADA actions, and the skill requisite to properly address such issues, justifies a higher hourly rate than many other areas of practice.

2. <u>The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.</u>

Plaintiff's counsel was precluded from accepting other employment from different clients to the extent that significant time and effort was required on this matter. Additionally, due to the negative attitude that many have towards Title III ADA actions, the undersigned is predictably precluded from other employment based on acceptance of the case. Federal courts have long recognized that civil rights plaintiff's work is oftentimes undesirable, and that plaintiff's attorneys are economically impacted by their decision to help the civil rights litigant. *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714,719 (5th Cir. 1974) ("Civil rights attorneys face

hardships in their communities because of their desire to help the civil rights litigant. Often times the decision to help eradicate discrimination is not pleasantly received by the community or his contemporaries. This can have an economic impact on his practice which can be considered by the Court.").

3. The fee customarily charged in the locality for similar legal services.

As set forth above, the fee customarily charged and awarded by Courts in this Circuit is anywhere from $350.00 to $495.00 per hour. Plaintiff's counsel is seeking $455.00 per hour, which is within that range of attorney's fees charged and awarded—and reflective of his experience in handling ADA cases.

4. The amount involved and the results obtained.

Plaintiff submits that prevailing with ADA related litigation benefits the general public as a whole and such is a crucial factor under the Johnson analysis when determining fees. Public policy may support an award of attorney's fees in civil rights cases when the Plaintiff has sued to vindicate a public right at a cost high in comparison to the actual damages suffered. *Knight v. Auciello*, 453 F.2d 852 (1st Cir. 1972). In assessing attorney's fee under the ADA, the Court must consider the benefits to the public as a whole attained as a result of the civil rights action. In *Villano v. Boynton Beach*, 254 F.3d 1302, 1306 (11th Cir. 2001) that court held that "successful civil rights actions vindicate a public interest ...[and] [p]ublic benefit is a distinct measure of success in civil rights actions and ... a court must account for that distinct measure of success when calculating an award of fees and costs." In the case at bar the Parties have entered into a confidential settlement agreement.

As required under the law, Plaintiff respectfully requests that the Court give proper weight to the public interests that are vindicated for the Plaintiff and all disabled persons as a

result of this litigation. As one court referenced in *Village Nurse Association of North Shore, Inc v. Bullen*, 1995 U.S. Dist. Lexis 21935 (D. Mass. 2006), "As the Senate noted upon the enactment of 42 U.S.C. §1988, all of these civil rights laws depend heavily upon private enforcement, and fee awards have proved an essential remedy if private citizens are to have a meaningful opportunity to vindicate the important Congressional policies which these law contain" (citation and internal quotations omitted).

5. The time limitations imposed by the client or by the circumstances.

The Parties have entered into a confidential settlement agreement.

6. Whether the fee is fixed or contingent.

The fee in this case is statutory, based on application of the provisions of the ADA, 42 U.S.C. § 12205, resulting in an uncertainty of payment in the event Plaintiff was not deemed the prevailing party.

7. Additional Considerations.

The Eleventh Circuit has held that in addition to the traditional lodestar considerations outlined above, a prevailing party's hourly rate may also be increased if the results of the case benefit non-parties. *Popham v. City of Kennesaw*, 820 F.2d 1570, 1580 (11th Cir. 1997). It is obvious that the effect of the outcome of this case goes beyond the Plaintiff. Countless patrons and customers will benefit from it on a daily basis. As a direct result of this case, and the efforts of Plaintiff, his counsel and consultant, persons using wheelchairs and who otherwise suffer from disabilities will be better off.

**B. Plaintiff's Counsel Expended a Reasonable Number of Hours in this Case.**

The reasonable number of hours expended are those hours which the court finds were reasonably spent in attaining the result for the client. *See Norman*, 836 F.2d at 1305. Plaintiff's

counsel is seeking an award of attorneys' fees for the hours expended as reflected on the attached statement, nothing more and nothing less. The matters reflected in Exhibit "A" (Fee Statement for Plaintiff's Counsel) were necessarily and reasonably spent in successfully litigating this action. The statement attached hereto specifies the work performed and a fair amount of time billed for every individual matter, thereby lending themselves to review and verification. *See* Exhibit “A”. Plaintiff’s counsel submits that such time is reasonable and was necessary in the litigation and settlement of this matter.

## III. <u>The Costs and Litigation Expenses Incurred by Plaintiff are also Compensable.</u>

Prevailing parties are entitled to receive costs under Fed. R. Civ. P. 54(d). See *United States Equal Employment Opportunity Commission v. W& O, Inc.*, 213 F.3d 600 (11th Cir.2000). *Zunde v. Int’l Paper Co*., 2000 WL 176843 (M.D. Fla. 2000). The “costs” recoverable under Rule 54(d) are defined by 28 U.S.C., § 1920, which operates as the general provision for taxation of costs absent any other specific statutory authority. See, *Crawford Fitting Co. v. J.T. Gibbons, Inc*., 482 U.S. 437, 441 (1987). § 1920 provides the Court may tax the following: (1) fees of the clerk and marshal; (2) fees and disbursements for service of process; (3) compensation for court appointed experts and interpreters.

The Eleventh Circuit has held that in civil rights cases reasonable attorney’s fees “must include **reasonable expenses** because attorney’s fees and expenses are inseparably intertwined as equally vital components of the cost of litigation. See, *Dowdell v. City of Apopka*, 698 F. 2d 1181, 1182 (11th Cir.1983) (emphasis added) The *Dowdell* court approved this Circuit’s tradition of liberally reimbursing attorney expenses, holding that:

"With the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in the case preparation, during the course of litigation-- may be taxed as costs under section 1988..."

Based upon the above, the Plaintiff is seeking an award against, Defendant, SEA TOWN OF MIAMI, CORP., of litigation costs in the amount of One-Thousand, One-Hundred and Seventy-Eight Dollars and Seventy-Two Cents ($ 1,178.72), as follows:

| | |
|---|---|
| Filing Fees: | $ 405.00 |
| ADA Consultant/Expert: | $ 650.00 |
| Service: | $ 60.00 |
| Postage: | $ 13.72 |
| **Total Costs/Fees:** | **$ 1,178.72** |

Plaintiff's counsels presume that Defendant, SEA TOWN OF MIAMI, CORP., will file a response to this application and that a hearing may be held on this application. Any and all time incurred by Plaintiff's counsel in filing, preparing and litigating this fee application and any fee hearings thereon is compensable. A prevailing party is entitled to reasonable compensation for time reasonably spent in litigating the fee petition. *Martin v. University of South Alabama*, 911 F.2d 604, 610 (11th Cir.1990).

The ADA expressly states that the prevailing party may receive "a reasonable attorney's [sic] fees, including litigation expenses and costs." 42 U.S.C. § 12205. While the Eleventh Circuit has not addressed the issue of expert fees, pursuant to this section "'litigation expenses' normally encompasses expert witness fees . . . provides direct authority for the award of expert witness fees." *Lovell v. Chandler*, 303 F.3d 1039, 1058 (9th Cir. 2002) (citing 42 U.S.C. § 12205); *see also Hohlbein v. Utah Land Res. LLC*, 432 F. App'x 655, 657 (9th Cir. 2011) (citing the same). The courts in this District have also awarded expert fees under 42 U.S.C. § 12205.

*Ziter v. Vista Designs. Inc.*, Case No.: 00-7137-civ-Lenard (S.D. Fla. 2001); *Ass'n. of Disabled Am., et al. v. North Beach Shopping Center. Inc.*, Case No.:97-133-civ-Highsmith (S.D. Fla. 1957); *Ass'n of Disabled Am. Et a1. v. Motiva Enterprises, LLC*, Case No.: 99-580-civ-Jordan/Bandstra (S.D. Fla. 2001) (Awarding expert fees of $185/hour in the amount of $12,339.95, based on an hourly rate of $185.) With the rate of $185.00 for an expert's hourly rate being awarded nearly a quarter of a century ago—the expert fee's Plaintiff is requesting of $650.00 in his application are well within what is reasonable considering that rate covers the expert's initial consultation, his in-person inspection and photographing of the subject premises to verify the accuracy of the barriers to access Plaintiff complained of, and the preparation of a written report detailing his verified findings and the specific references to the ADA and ADAAG codes necessary to comply with to remediate the subject property.

## CONCLUSION

WHEREFORE, Plaintiff's respectfully moves this Court to enter final judgment after default against Defendant, ordering Defendant to make all the necessary alterations so the subject premises is accessible to individuals with disabilities, in compliance with the ADA, ordering the subject facility closed until all necessary alterations are complete and retaining jurisdiction over this cause to assure Defendant, compliance with the Court's Judgment and the Americans with Disabilities Act.

The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to reasonable attorney's fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C., Sections 12205 and 12207.

Based upon the foregoing, Plaintiff seeks an award for attorney's fees in the amount of Three-Thousand, Four-Hundred and Eighty-Five Dollars and Zero Cents ($3,485.00) plus an

award in the amount of One-Thousand, One-Hundred and Seventy-Eight Dollars and Seventy-Two Cents ($1,178.72) for legal costs and expenses, together with any and all fees, expenses and costs incurred hereafter.

**VERIFICATION**

Glenn R. Goldstein, Esq., as Counsel for Plaintiff, hereby declares under penalty of perjury, that the foregoing is true and accurate to the best of his knowledge and belief; that the injunctive relief requested is appropriate and proper, and further, that the attorney's fees, costs, and expenses sought to be taxed have been made in this action or will necessarily be made and included in this action.

WHEREFORE, Plaintiff requests that the Court enter a Default Judgment in this matter, and that the Judgment be entered in favor of Plaintiff, and against the Defendant, in the manner stated herein.

s/ Glenn R. Goldstein
Glenn R. Goldstein, Esq. (FBN: 55873)
*Attorney for Plaintiff*
Glenn R. Goldstein & Associates, PLLC
8101 Biscayne Blvd., Ste. 504
Miami, Florida 33138
(561) 573-2106
GGoldstein@G2Legal.net

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 25, 2024, I electronically filed the foregoing with the Clerk of the Court using CM/ECF and mailed a copy of the same to Defendant by Certified U.S. Mail, to: SEA TOWN OF MIAMI, CORP., c/o Paulo Maali, 8995 NW 7th Ave., Miami, Florida 33150.

s/ Glenn R. Goldstein
Glenn R. Goldstein, Esq. (FBN: 55873)
*Attorney for Plaintiff*
Glenn R. Goldstein & Associates, PLLC
8101 Biscayne Blvd., Ste. 504
Miami, Florida 33138
(561) 573-2106
GGoldstein@G2Legal.net