**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 24-23817-CV-WILLIAMS**

EMILIO PINERO,

Plaintiff,

v.

QUANTUM INVESTMENT GROUP, LLC, *et al.*,

Defendants.

____________________________________/

# ORDER

**THIS MATTER** is before the Court on Plaintiff Emilio Pinero's ("***Plaintiff***") Verified Motion for Default Judgment Against Defendant Sea Town of Miami, Corp. Only (DE 17) ("***Motion***"). No response was filed and the time to do so has now passed. For the reasons set forth below, the Motion is **GRANTED**.

## I. BACKGROUND

On October 3, 2024, Plaintiff filed this action against Defendants Quantum Investment Group, LLC[1] and Sea Town of Miami, Corp. ("***Sea Town***") for violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182 ("***ADA***"). (DE 1.) Defendants were timely and properly served with a copy of the Complaint and Summons on October 7, 2024. (DE 7; DE 8.) On November 1, 2024, the Clerk of Court entered default against Sea Town "for failure to appear, answer, or otherwise plead to the complaint . . . within the time required by law." (DE 14.) Plaintiff then timely filed the instant Motion. (DE 17.)

[1] On December 2, 2024, Plaintiff and Defendant Quantum Investment Group, LLC resolved claims between them and filed a joint stipulation of dismissal. (DE 18.)

Despite proper service, Sea Town failed to appear, answer, or otherwise respond to the Complaint. Accordingly, the Court takes the following allegations in Plaintiff's Complaint as true. Plaintiff is a qualified individual under the ADA and lives within this jurisdiction. (DE 1 at 1.) Sea Town transacts is the owner operator of the restaurant Snappers Fish & Chicken ("***Subject Property***"). (*Id.* at 3.) Plaintiff frequently travels to the Subject Property and has encountered barriers to access at the Subject Property during his visits. (*Id.* at 3–4.) Plaintiff intends to visit the Subject Property again. (*Id.* at 4.)

## II. LEGAL STANDARD

On a motion for default judgment under Rule 55(b)(2) of the Federal Rules of Civil Procedure, the Court accepts as true the fact alleged in the Complaint: "by defaulting, the [defendant is] deemed to have 'admit[ted] the plaintiff's well-plead allegations of fact' for purposes of liability." *Coton v. Televised Visual X-Orgaphy, Inc.,* 740 F. Supp. 2d 1299, 1307 (M.D. Fla. 2010) (quoting *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987)). However, default alone does not warrant entry of default judgment. *DIRECTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1127 (M.D. Ala. 2004). Instead, "the [C]ourt must first determine whether there is a sufficient basis in the pleading for the judgment to be entered." *Watson v. 27 Entrepreneurs Holding LLC*, No. 23-CV-21731, 2024 WL 967418, at *1 (S.D. Fla. Feb. 5, 2024).

## III. DISCUSSION

### A. ADA Claim

The ADA prohibits discrimination by public accommodations against disabled persons. *See* 42 U.S.C. § 12181(a). Places of public accommodation must provide "full

an equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations" for all persons, regardless of disability. *Id.* Establishing a *prima facie* case of ADA discrimination in this context requires showing a public accommodation discriminated against a disabled plaintiff within the meaning of the ADA. *See Norkunas v. Seahorse NB, LLC,* 444 F. App'x 412, 416 (11th Cir. 2011). A person has a disability under the ADA if the individual has "a physical or mental impairment that substantially limits one or more major life activities[.]" 42 U.S.C. § 12102(1)(A). To remedy violations of the ADA, courts may order injunctive relief, including "an order to alter facilities to make such facilities readily accessible to and useable by individuals with disabilities to the extent required by [the ADA]." *Id* § 12188(a)(2).

Plaintiff has demonstrated that he is entitled to relief under the ADA against Sea Town. Plaintiff is disabled as he is wheelchair-bound, and as a result is limited in major life activities. (DE 1.) Snappers Fish & Chicken is a place of public accommodation. 42 U.S.C. § 12181(7)(B). Sea Town's Subject Property contains numerous barriers to access for disabled individuals, such as lack of accessible restrooms and an accessible cashier counter, thereby discriminating against disabled persons and violating the ADA. (DE 1 at 5–6.)

Accordingly, the Court finds that Plaintiff is entitled to injunctive relief. Sea Town is required to remove architectural barriers to the physically disabled when such barriers exist and when such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(IV); 28 C.F.R. § 36.304(a). Pursuant to 42 U.S.C. § 12188(a)(2), the Court has authority to order that facilities be modified to comply with the ADA.

**B. Attorneys' Fees**

The Court has discretion to allow Plaintiff to recover "a reasonable attorney's fee, including litigation expenses, and costs . . ." 42 U.S.C. § 12205. Upon a review of the requested fees, the Court finds Plaintiff's requested hourly rate, $455.00, aligns with that recovered in other cases in this district based on counsel, Glenn R. Goldstein's experience. *See, e.g., Lakhani v. Ledoc, LLC*, Case No. 23-cv-20681-CMA (S.D. Fla. Oct. 25, 2023). Next, the Court finds that the number and rate of $120.00 per administrative hour to be reasonable based on similar cases in this district. Finally, the Court finds the $1,178.72 in costs to be reasonable.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

**1.** Plaintiff's Verified Motion for Default Judgment Against Defendant Sea Tow of Miami, Corp. Only (DE 17) is **GRANTED**.

**2.** Pursuant to Federal Rule of Civil Procedure 58(a), the Court will separately issue a default final judgment.

**3.** This case is **CLOSED**. All hearings and deadlines are **CANCELED**. Any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers in Miami, Florida, on this 17th day of December, 2024.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE